**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHAEL A. JAMES (#174134)** | **CIVIL ACTION NO.** |
| **VERSUS** | **23-394-BAJ-EWD** |
| **EAST BATON ROUGE CITY PARISH, ET AL.** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 9, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL A. JAMES (#174134)**                              **CIVIL ACTION NO.**

**VERSUS**                                                              **23-394-BAJ-EWD**

**EAST BATON ROUGE CITY PARISH, ET AL.**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

This matter comes before the Court on screening of the claims of Michael A. James ("Plaintiff"). Because this case was removed from state court, Plaintiff's claims were not screened before service, but 28 U.S.C. § 1915A still requires screening.[1] It is recommended that Plaintiff's claims in this case be dismissed on the Court's own motion as malicious and duplicative. It is further recommended that the pending Motions to Dismiss[2] be denied as moot.

### I.  BACKGROUND

Plaintiff originally filed this suit in Louisiana state court against a host of defendants, alleging constitutional violations.[3] On May 24, 2023, three of the named defendants removed the case to this Court.[4] Plaintiff seeks monetary and injunctive relief.[5]

### II.  LAW & ANALYSIS

28 U.S.C. § 1915A requires screening as soon as practicable after filing by prisoners of claims against a government entity or employee of a governmental entity and provides for

---

[1] *See Mitchell v. Dallas County Sheriff Dept.*, No. 12-1960, 2012 WL 7170403, at *1 (N.D. Tex. July 12, 2012) ("Notwithstanding that Defendants removed this action to federal court, Plaintiff's *pro se* complaint is subject to preliminary screening under 28 U.S.C. § 1915A.") (citations omitted).
[2] R. Docs.
[3] R. Doc. 1-4, pp. 1-8 (Petition for Relief). Plaintiff has amended his claims several times. *See* R. Doc. 1-4, pp. 22-26 (Supplemental Motion to Amend Petition for Injuries); 27-30 (Motion to Amend Petition for Relief to Include Reimbursement of Attorney's Fees, Expenses, and Seized Property); 76-83 (Motion to Correct Original Petition for Relief).
[4] R. Doc. 1.
[5] R. Doc. 1-4, pp. 7, 24, 29, 82.

dismissal of any such claims that are frivolous, malicious, fail to state a claim, or seek monetary relief against a defendant who is immune. Repetitious litigation of virtually identical causes of action is subject to dismissal as malicious.[6] It is proper to dismiss an action on the basis that it is malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation.[7]

In this suit, the majority of Plaintiff's claims are related to the events surrounding his March 27, 2021 arrest, criminal investigation and prosecution.[8] However, Plaintiff also asserts claims related to alleged injuries when he fell from a prison van during transport in October 2021.[9] Plaintiff previously filed complaints in *James v. Clark*,[10] *James v. Gautreaux*,[11] and *James v. McDowell*,[12] regarding the same series of events and many of the same facts as the instant suit. The claims in those cases arise from a common nucleus of operative facts. Specifically, *James v. Clark* and *James v. Gautreaux* related to the traffic stop, search, and arrest occurring in March 2021, and the events surrounding the associated criminal investigation and prosecution. *James v. McDowell* related to Plaintiff's allegation that he suffered injuries on October 13, 2021 when he fell from a prison van because he was not properly assisted.

In *James v. Gautreaux*, the Court summarized Plaintiff's claims as follows: "In his Complaint, Plaintiff asserts that on January 9, 2023, the State of Louisiana dismissed all pending

---

[6] *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988) (*per curiam*). *See also Milton v. Gusman*, No. 10-3309, 2010 WL 5376459 (E.D. La. Oct. 6, 2010) ("It has long been resolved that repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal under § 1915(e)(2)(B) and § 1915A as malicious.").
[7] *See Roberson v. Breen*, 444 Fed.Appx. 841, 842 (5th Cir. 2011).
[8] *See* R. Doc. 1-4, pp. 4-6; 27-30 (seeking return of cash and personal property after state criminal charges in connection with March 27, 2021 arrest were dismissed); and 78-81.
[9] R. Doc. 1-4, pp. 22-26 (alleging an injury on October 13, 2021 while in custody).
[10] No. 22-604, 2022 WL 17348979 (M.D. La. Oct. 19, 2022), affirmed *James v. Clark*, 2023 WL 5031481 (5th Cir. Aug. 7, 2023).
[11] No. 23-114, 2023 WL 4113234 (M.D. La. May 11, 2023).
[12] No. 22-551, 2023 WL 2942188 (M.D. La. Mar. 6, 2023), report and recommendation adopted, No. 22-551, 2023 WL 2938953 (M.D. La. Apr. 13, 2023), appeal dismissed, No. 23-30271, 2023 WL 7180605 (5th Cir. July 18, 2023).

charges against him. Instead of being released, the plaintiff was turned over to the custody of the United States Marshal's Service. Warrants issued in the state proceedings contained false statements; nevertheless, DEA agents used the information in the warrants to secure an indictment on federal charges. The DEA agents were aware that the information in the warrants was false."[13] In *James v. Clark*, the allegations were summarized as follows: "In his Complaint the plaintiff alleges that, on March 27, 2021, he was arrested by the East Baton Rouge Sheriff's Office. The plaintiff was not given any *Miranda* warnings. At the same time, search warrants were being executed at a storage building and apartment in Baton Rouge and at a home in Houston. False and misleading affidavits were submitted to secure the search warrants and to seize money from the plaintiff's bank account. Certain are [sic] defendants are conspiring with the District Attorney to withhold exculpatory evidence and to withhold material facts favorable to the plaintiff."[14] In *James v. McDowell*, the Court summarized the facts as Plaintiff "alleging violations of his constitutional rights based on an incident where James fell out of a transportation van and suffered injuries, for which he blames McDowell," and noted that "[t]he facts, read in the light most favorable to James, do not demonstrate that McDowell was deliberately indifferent on October 13, 2021. Rather, McDowell's actions in applying the ankle chains, allegedly improperly, and in not assisting James out of the transportation van, rise only to the level of negligence, not deliberate indifference. Indeed, James blames McDowell's negligence for causing his fall."[15]

    Each of these earlier cases was dismissed as frivolous and/or for failure to state a claim. Although *James v. Clark* was dismissed, in part, because Plaintiff's claims were more appropriately brought in the pending state criminal proceedings, which have now allegedly been

---

[13] 2023 WL 4113234, at *2.
[14] 2022 WL 17348979, at *2.
[15] 2023 WL 2942188, at **1, 3.

dismissed,[16] *James v. Gautreaux* presented the same facts and procedural posture as is presented here: the state criminal charges were dismissed, but the federal criminal charges remain pending.[17]

Notwithstanding Plaintiff's changes to his list of defendants throughout his multiple cases, his claims are malicious because they arise out of the same basic facts such that they could have been brought in the earlier cases.[18] Therefore, Plaintiff's claims should be dismissed as frivolous and malicious.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** on the Court's own motion under 28 U.S.C. § 1915A as duplicative, malicious, and legally frivolous.[19] Plaintiff Michael A. James previously brought cases that have been dismissed arising from the same set of operative facts as those alleged in this case.

**IT IS FURTHER RECOMMENDED** that the pending Federal Defendants' Rule 12(b)(1), (6) Motion to Dismiss Under the Federal Rules of Civil Procedure and the Motion to Dismiss Second Amended Petition be **DENIED AS MOOT** if the recommendation for dismissal on the Court's own motion is adopted.[20]

---

[16] *Id.*
[17] 2023 WL 4113234. Plaintiff does not allege, here, that the federal criminal charges have been dismissed and the federal criminal case has not been concluded. *See* Criminal Case No. 22-102 (M.D. La.), R. Doc. 61 (granting in part Plaintiff's motion to suppress certain evidence); and R. Doc. 69 (government's Notice of Appeal).
[18] *See Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) (a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation); *Wesley v. LeBlanc*, 815 Fed.Appx. 817, 818 (5th Cir. 2020) (affirming dismissal as duplicative and malicious where the plaintiff alleged that a new defendant, who he did not name in prior lawsuits, was the only person who could adequately afford him the relief he sought).
[19] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the ruling will count as a strike.
[20] R. Docs. 23 & 25.

**ORDER**

As dismissal of the claims in this case is recommended, **IT IS ORDERED** that the pending Motion to Amend Petition[21] and Motion to Issue Subpoena and to Preserve Dashcam Footage,[22] filed by Plaintiff, are **DENIED**, without prejudice to reurging should the recommendation for dismissal of this suit not be adopted.

Signed in Baton Rouge, Louisiana, on April 9, 2024.

        **ERIN WILDER-DOOMES**
        **UNITED STATES MAGISTRATE JUDGE**

---

[21] R. Doc. 27. The Motion to Amend and Correct Original Petition for Relief reiterates facts related to the March 27, 2021 incident, as well as the criminal investigation and prosecution, that has formed the basis of Plaintiff's prior litigation, so amendment would be futile.

[22] R. Doc. 30. In this Motion, Plaintiff requests a preservation order for video footage of the March 27, 2021 traffic stop.