UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL A. JAMES | CIVIL ACTION |
| VERSUS | |
| EAST BATON ROUGE PARISH, ET AL. | NO. 23-00394-BAJ-EWD |

### RULING AND ORDER

Before the Court is Plaintiff's **Motion To Reconsider And/ Or Set Aside The Ruling To Dismiss With Prejudice Pursuant To Fed. R. Civ. P. 60(b) and 60(b)(6) (Doc. 50, the "Motion")**. Through his Motion, Plaintiff seeks to set aside the judgment of this Court rendered on May 1, 2024. The Motion is opposed. (Doc. 53). For the reasons that follow, the motion will be denied.

In his Motion, Plaintiff has not identified an enumerated ground in Federal Rule of Civil Procedure 60(b)(1)-(5) or an extraordinary circumstance under the rule's catchall provision, Rule 60(b)(6), to justify his Motion. Additionally, the filing of an appeal generally divests a district court of jurisdiction over aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 103 S.Ct. 400, 402, 459 U.S. 56, 58 (Sup.Ct.,1982). Within the Fifth Circuit, however, there is a limited exception to that general rule. When a Rule 60(b) motion is filed after a notice of appeal has been lodged, the Fifth Circuit has recognized the limited power of a district court to consider the merits of the motion. *See Johnson v. Cain*, No. 13-749-BAJ-SCR, 2015 WL 5251269, at *1 (M.D. La. Sept. 4, 2015) (citing *Willie v. Continental Oil Co.*, 746 F.2d at 1046). The narrow exception to the general rule

leaves this Court with two options: "either grant the motion, *if* given leave to do so by the appellate court; or consider the motion on its merits and deny it." *Silva v. Harris County.*, 1993 WL 391624, at *2 (C.A.5 (Tex.), 1993). Therefore, the Court shall consider the merits of Plaintiff's motion.

Under Rule 60(b)(6), Plaintiff is required to show "extraordinary circumstances" justifying the reopening of the final judgement. *Johnson*, 2015 WL 5251269, at *1 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). The Fifth Circuit has held that the extraordinary circumstances requirement Rule 60(b)(6) is met by situations beyond the movant's control, such as extended illness, and "requires a showing of manifest injustice." *Rogers v. Boatright*, 670 F. App'x 386, 387 (5th Cir. 2016) (citing *Yesh Music v. Lakewood Church*, 727 F.3d 356, 353 (5th Cir. 2013)). Plaintiff's sole argument is that his case should have been dismissed without prejudice. (Doc. 50 at 3.) He argues that he should have an opportunity to exhaust unspecified administrative remedies and refile his lawsuit. *Id*. Plaintiff is incorrect because dismissal of his lawsuit with prejudice was *not* based on failure to exhaust administrative remedies. Instead, his lawsuit was dismissed with prejudice because it was duplicative to his three prior lawsuits, all of which were dismissed as either frivolous and/or for failure to state a claim. (Doc. 39 at 1.) Dismissal of Plaintiff's lawsuit with prejudice was proper because the Fifth Circuit has determined that a dismissal with prejudice is an appropriate remedy if the Court determines that a lawsuit is frivolous and/or malicious. *Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997). "[W]e now hold that dismissals as frivolous or malicious should be deemed to

be dismissals with prejudice unless the district court specifically dismisses without prejudice [...] Unexplained dismissals without prejudice will necessitate a remand." *Id.* Here, Plaintiff has failed to point to any facts or circumstances to meet the extraordinary circumstances standard.

Accordingly,

**IT IS ORDERED THAT** Plaintiff's **Motion To Reconsider And/ Or Set Aside The Ruling To Dismiss With Prejudice Pursuant To Fed. R. Civ. P. 60(b) and 60(b)(6) (Doc. 50)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 19th day of December, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

3